[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT #209
The plaintiff, the City of Stamford, seeks summary judgment (#209) on a foreclosure of municipal tax liens against property owned by the defendant, Dianne Daddona.
The standard of a trial court's decision to grant a motion for summary judgment is well established. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995).
Practice Book § 187 provides, in pertinent part, "[i]n any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove: (1) The ownership of the liened premises on the date when the same went into the tax list, or when said assessment was made; (2) that thereafter a tax in the amount specified in the list, or such assessment in the amount made, was duly and properly assessed upon the property and became due and payable; (3) . . . that thereafter a certificate of lien for the amount thereof was duly and properly filed and recorded in the land records of the said town on the date stated; (4) that no part of the same has been paid; and (5) other encumbrances as required by the preceding section." Practice Book § 187 also provides that when a lien has been continued by certificate, the certificate of lien shall be prima facie evidence that all requirements have been met relative to assessment and collection and making and filing of the certificate.
The defendant admits ownership of the property. The plaintiff provided certified copies of the certificates of lien. The plaintiff provided an affidavit of debt indicating that the taxes CT Page 5370-AAAAA are still due and payable. The other encumbrances have been named. All defendants have been defaulted with the exception of Paul and Dianne Daddona. The defendant Dianne Daddona filed an amended answer, special defenses, setoffs and counterclaims dated October 25, 1994. A motion to strike the special defenses and counterclaims was granted November 4, 1994, Hickey, J. Defendant Paul Daddona filed an answer, special defenses and counterclaims on August 4, 1995. A motion to strike the special defenses, counterclaims and claim for relief was granted January 4, 1996, Hickey, J. The Paul Daddona filed another answer, special defenses and counterclaims which were stricken by the court on March 28, 1996, Tobin, J. The remaining pleadings, the answers of Paul and Dianne Daddona, do not raise a genuine issue of material fact as they allege denial of the taxes assessed and no knowledge of the tax liens.
Accordingly, the motion for summary judgment is granted.
HICKEY, JUDGE